## HEARN v. UNITED STATES.
### No. 10495.

United States Court of Appeals
Seventh Circuit.
Feb. 19, 1952.

James G. Strawbridge, Indianapolis, Ind., for appellant.

Matthew E. Welsh, U. S. Atty., E. Andrew Steffen, Asst. U. S. Atty., Indianapolis, Ind., for appellee.

Before DUFFY, FINNEGAN and LINDLEY, Circuit Judges.

DUFFY, Circuit Judge.

This is an appeal from an order denying, after a hearing, a motion by appellant, filed pursuant to 28 U.S.C.A. § 2255, to vacate and set aside a judgment of conviction entered by the District Court for the Southern District of Indiana.

On November 23, 1949, special agents of the F. B. I. arrested appellant in the Southern District of Indiana, upon information that a complaint and a warrant were outstanding against him in the Middle District of Tennessee, charging him with a violation of the White Slave Traffic Act, 18 U.S.C.A. § 2421 et seq.

On December 1, 1949, appellant appeared before the U. S. Commissioner for the Southern District of Indiana, at which time a certified copy of the complaint was served upon him, and the warrant of arrest was read to him by the U. S. Marshal, and appellant then waived a hearing before said commissioner.

On December 14, 1949, appellant appeared before the U. S. District Court at Indianapolis, Indiana, at which time the judge explained his constitutional rights to him

in detail. As appellant did not have counsel and was without funds to procure same, the court appointed George D. Anderson, a member of the bar of said court, and a well qualified attorney, to represent him. After a conference with counsel, at which his constitutional and legal rights were again explained to him, appellant was shown the proposed information and, after either reading same or having same read to him, appellant in open court signed a waiver of indictment. At said time and place appellant signed in open court a consent to the transfer of the case pending against him in the Middle District of Tennessee to the Southern District of Indiana, a procedure authorized by Rule 20, Federal Rules of Criminal Procedure, 18 U.S.C.A.

After the filed information had been transferred from the Middle District of Tennessee to the office of the clerk of court for the Southern District of Indiana, and had there received a docket number, appellant was arraigned before the court on December 30, 1949, and, in the presence of his counsel, entered a plea of guilty. The court then requested that the Probation Office make a pre-sentence investigation. After the judge had received and reviewed the pre-sentence report, appellant, again accompanied by his counsel, appeared before the United States District Court at Indianapolis on January 13, 1950, at which time a sentence of five years imprisonment was imposed.

At the time of the hearing on the motion pursuant to Sec. 2255, appellant was and presently is confined in a federal correctional institution. After said hearing the court entered its findings of fact substantially as hereinabove set forth.

It is appellant's contention and complaint that he executed the consent for the transfer of the case from Tennessee to Indiana prior to the time he conferred with counsel. His only proof in support of such claim is that when his counsel was appointed, the U. S. Attorney turned his file with reference to the charges against appellant over to his counsel, who therein discovered an unsigned carbon copy of a consent to the transfer of the case. No proof, however, was offered that an original of this particular consent had been signed by appellant before the appointment of Anderson as counsel.

The only witness at the hearing on the motion made pursuant to Sec. 2255 was Attorney Anderson. To demonstrate the care with which he advised his client, and to indicate appellant's knowledge of his rights, we quote the following from Anderson's testimony: "That upon my appointment by the late Judge Robert Baltzell to represent this man I conferred with him in this room and at that time in going through the file of the case presented to me by the District Attorney I did extract from that file a carbon copy of this waiver, and I went over this waiver with the Defendant and I advised him on the following points: That he had a right to be returned to the jurisdiction in which the indictment or information had been filed and it would be tried there. * * * Secondly, he had a right to be tried in the jurisdiction of the court in which he was arrested and detained. I pointed out to him that if he elected * * * to have his case disposed of in this court that there was only one plea that he could enter * * * and that was a plea of guilty. That if he desired to enter a plea of not guilty, he would have to be returned to the Middle District of the State of Tennessee. I pointed out (to appellant) * * * that under our law he had a right to elect either to plead guilty or not to plead guilty. If he pleaded not guilty, he had a right to a jury trial or he had a right to be tried by the court. * * * As I said before, I do not recall this waiver actually being signed in the courtroom itself; but I do know I did advise the boy as to his rights in the whole matter."

Later in the hearing Anderson testified: "The fact of the matter is, I think I went over his rights I know twice and I think possibly three times before I ever went back in the courtroom because we had a man in this instance that I felt was not just as well educated as we see day in and out, and I wanted to be satisfied in my own mind that he understood what he was

doing, and I honestly felt that at the time we went back into the court that he did understand."

At another point Anderson testified: "I explained to him what the Mann Act was supposed to cover, and as I recall, his answer to me was that he had no defense and he was guilty."

To sustain his motion made under Sec. 2255, the burden of proof was on the appellant to establish by a preponderance of the evidence that he had been deprived of some right under the Constitution. Cf. Johnson v. Zerbst, 304 U.S. 458, 459, 58 S.Ct. 1019, 82 L.Ed. 1461; Walker v. Johnston, 312 U.S. 275, 286, 61 S.Ct. 574, 85 L.Ed. 830; Hawk v. Olson, 326 U.S. 271, 279, 66 S.Ct. 116, 90 L.Ed. 61. It is our view that he not only did not sustain the burden upon him, but that the only witness produced by him showed the contrary to be true.

The first time that appellant appeared before the court, the judge advised him of his constitutional right to have the assistance of counsel and promptly appointed a qualified member of the bar of that court to represent him. Then his counsel, on two and perhaps three occasions, carefully explained to appellant his right to have the trial held in the Middle District of Tennessee, as well as other rights protected by the Constitution. The entire manner in which the case was conducted shows that at all times appellant's rights under the Constitution were scrupulously protected.

Finding 4 states that appellant in open court, after consulting with his counsel, executed a waiver of indictment. It is true that Finding 5 does not repeat that his signature on the consent for the transfer of the case occurred after consultation with counsel. However, the waiver of indictment and the consent for the change of venue were executed at the same hearing before the court. Reading Finding 4 together with Finding 5, we interpret Finding 5 to state that the appellant had the advice of counsel before signing the consent to a change in the place of entering his plea. Findings of fact cannot be set aside by an appellate court unless clearly erroneous. This rule applies likewise to all reasonable inferences of the trial judge. Central Railway Signal Co. v. Longden, 7 Cir., 194 F.2d 310.

But, conceding arguendo, that appellant had signed the consent prior to consulting with his counsel, he had sufficient time thereafter, before entering his plea and before being sentenced, to make known any desire on his part to withdraw such consent. As hereinbefore pointed out, appellant appeared before the court three times accompanied by counsel. He was fully advised as to his rights by both the court and his counsel. Yet there is not the slightest indication in the record that at any time he desired either to enter a plea other than guilty or to withdraw his signed consent. The court was correct in denying the motion for relief under 28 U.S.C.A. § 2255.

We wish to thank James G. Strawbridge, Esq., court appointed counsel, for his able presentation upon behalf of appellant on this appeal.

Order affirmed.