The UNITED STATES, Plaintiff-
Appellee,

v.

Lawrence A. TRUMBLAY, Defendant-
Appellant.

No. 11702.

United States Court of Appeals
Seventh Circuit.

May 21, 1956.

Rehearing Denied Aug. 3, 1956.

Lawrence A. Trumblay, pro se.

Phil M. McNagny, Jr., U. S. Atty.,
Fort Wayne, Ind., Graham W. McGowan,
Asst. U. S. Atty., South Bend, Ind., for
appellee.

Before DUFFY, Chief Judge, and
SWAIM and SCHNACKENBERG, Cir-
cuit Judges.

DUFFY, Chief Judge.

This is an appeal from an order of the
District Court denying in part defend-
ant's motion under § 2255, Title 28 U.S.
Code, to vacate, set aside or correct a
sentence.

Defendant was charged by an infor-
mation in two counts with the offense of
robbing the National Bank and Trust
Company of South Bend, Indiana, a bank
insured by the Federal Deposit Insur-
ance Corporation. The first count
charged a violation of § 2113(a), Title 18

U.S.Code, and the second count charged violation of § 2113(d), Title 18 U.S.Code. With the information there was filed a verification or affidavit of the Assistant United States Attorney as follows: "James E. Keating, being first duly sworn upon his oath deposes and says that he is Assistant United States Attorney for the Northern District of Indiana; that he has read the above and foregoing information and the matters and things alleged therein are true in so far as he is informed and verily believes."

The trial was to a jury. During the charge to the jury the court said: "You will have a copy of the information." The defendant was found guilty on both counts. A motion for a new trial on the ground that the verdict was not supported by the evidence was denied. The defendant appealed to this Court asserting four grounds for reversal: 1) that the District Court erred in overruling defendant's motion for a change of venue; 2) that the evidence was insufficient to support the verdict; 3) that the court erred in admitting acts and declarations of an alleged co-conspirator; and 4) that the court erred in the giving of clarifying instructions at the jury's request. On December 2, 1955 this Court affirmed the judgment of conviction. United States v. Trumblay, 7 Cir., 208 F.2d 147.

Almost two years later, on September 23, 1955, defendant filed a motion to vacate sentence and alleged three reasons therefor which he designated "A", "B" and "C". "A" asserted the submission of the information to the jury together with the affidavit of the Assistant United States Attorney was an infringement of defendant's rights under the Sixth Amendment of the Constitution of the United States; "B" stated defendant did not intelligently and competently waive his right to be indicted by a grand jury; and "C" alleged that the sentence imposed was excessive. Defendant filed an affidavit but it was directed entirely to reason "B" above described. Defendant requested that he be brought personally into court on the hearing of the motion. The trial court appointed counsel to represent defendant but did not order that defendant be produced in court.

A hearing was had and after argument by counsel for both defendant and the government, the court entered an order vacating the sentence imposed under Count 1 of the information, but refusing to vacate the judgment in any other respect. It was from this order that the defendant appeals.

The approved form of an information is set forth in the Appendix to the Federal Rules of Criminal Procedure. After the caption of the cause the following appears: "The United States Attorney charges:" Form 11. The form also provides for the signature of the United States Attorney at the end of the information. Although there is no such requirement in the Rules, it, apparently, was customary in the Northern District of Indiana for the United States Attorney or his assistant who signed the information to also sign a verification in the manner and form hereinbefore described.

It is without dispute that a verification of the Assistant United States Attorney on a separate sheet of paper was attached to the original information, but there is no proof in this record that the original information was sent to the jury room. In the charge to the jury the court used this language: "You will have these exhibits in your jury room, you will have a copy of the information and you will have three forms of verdict." There is no proof that a copy of the verification was attached to any copy of the original information which may have been prepared. There is no proof that a copy of the information, verified or unverified, was submitted to the jury.

Defendant and his counsel had been furnished not only with a list of the jurors who had brought in the verdict of guilty, but also with a transcript of the entire *voir dire* examination. No attempt was made to prove that any juror at any time saw the original or a copy of the information.

 On a motion to vacate, set aside or correct a sentence, a movant has the burden of proof. Hearn v. United States, 7 Cir., 194 F.2d 647. The movant must set forth facts and not merely conclusions. United States v. Spadafora, 7 Cir., 200 F.2d 140; United States v. Sturm, 7 Cir., 180 F.2d 413. Of course, a motion to vacate a sentence under § 2255, Title 28 U.S.C., may not be used in lieu of an appeal to correct errors committed in the course of a trial, even though such errors relate to constitutional rights. Adams v. United States ex rel. McCann, 317 U.S. 269, 63 S.Ct. 236, 87 L.Ed. 268; Pelley v. United States, 7 Cir., 214 F.2d 597.

It is probably a legitimate inference that pursuant to the court's charge, a copy of the information was taken to the jury room. But that is a long way from proving that a copy of the verification was attached to the copy of the information. As stated, the original verification was on a separate sheet of paper from the original information.

 If the original or a copy of the information itself came to the attention of the jury, defendant was not deprived of any constitutional right thereby. The information was merely a document in the nature of a complaint whereby the charges against defendant were made known. We are not called upon to decide what the result would have been had proof been made that the verification by the Assistant United States Attorney had come to the attention of the jury. Suffice it to say, that movant has not met the burden of proof in this respect which rested upon him.

Defendant was present in District Court with his counsel during the entire trial, and at the time when the court charged the jury. Defendant and his counsel had an opportunity to examine the information. The record discloses that neither the defendant nor his counsel objected to this part of the charge, nor did they request or suggest that the information be not submitted to the jury. The question was not raised on defendant's appeal to this Court from the judgment of conviction. There is now nothing before us except the bare allegation by defendant that the verification or affidavit was submitted to the jury.

We hold that the District Court was correct in refusing to vacate and set aside the sentence based on ground "A".

 On the question of waiving the right to be indicted by a grand jury, the record is clear that defendant fully understood what he was doing. The matter was discussed between the court and counsel, a recess was called, and thereafter the attorney announced "if the court please, after talking to Mr. Trumblay, the defendant here, he wishes to be tried on information." However, the court was not content to rest the matter upon the statement of counsel, but insisted that the defendant should sign a written consent which he did in open court. We hold that the trial court correctly refused to vacate and set aside the sentence based upon ground "B."

 As to ground "C" the court reduced the sentence and thereby decided this phase of the motion in favor of the defendant to the extent to which he was entitled. Upon the whole record we are convinced that the defendant was afforded every possible protection and that he was not deprived of any constitutional rights. We think he received a fair trial.

Order affirmed.