**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Lawrence A. TRUMBLAY, Defendant-Appellant.**

**No. 12237.**

United States Court of Appeals Seventh Circuit.

June 18, 1958.

William K. Bachelder, Chicago, Ill., for appellant.

Phil M. McNagny, Jr., U. S. Atty., Fort Wayne, Ind., Charles R. LeMaster, Asst. U. S. Atty., Fort Wayne, Ind., Hugh A. Henry, Jr., Asst. U. S. Atty., South Bend, Ind., for appellee.

Before DUFFY, Chief Judge, and MAJOR and HASTINGS, Circuit Judges.

HASTINGS, Circuit Judge.

Petitioner, Lawrence A. Trumblay, appeals from an order of the district court denying his motion to vacate sentence filed July 22, 1957 pursuant to 28 U.S. C.A. § 2255 (Section 2255).

Trumblay, having been charged with the offense of robbing the National Bank and Trust Company of South Bend, Indiana, an insured bank of the Federal Deposit Insurance Corporation, was tried by a jury in February, 1953, and convicted on two counts. The first count charged a violation of 18 U.S.C.A. § 2113(a) and the second count alleged a violation of 18 U.S.C.A. § 2113(d), that is, an assault with a dangerous weapon in connection with the robbery. In this trial he was represented by two lawyers of his own choice. He appealed from this conviction to this court on the ground that the verdict was not supported by substantial evidence. In an opinion by Chief Judge Major, in which the evidence was fully stated and carefully analyzed, the judgment below was affirmed. United States v. Trumblay, 7 Cir., 1953, 208 F.2d 147. Trumblay was represented in this appeal by a third attorney of his own selection.

About two years later, Trumblay filed a motion to vacate sentence under Section 2255 and after a hearing, the trial court vacated the sentence imposed under Count I but left the sentence under Count II undisturbed. Trumblay was represented in this hearing by two court appointed counsel, who had not participated in his trial and first appeal. This order was appealed to this court and affirmed in an opinion by Chief Judge Duffy. United States v. Trumblay, 7 Cir., 1956, 234 F.2d 273, certiorari denied 352 U.S. 931, 77 S.Ct. 233, 1 L.Ed.2d 166.

Trumblay filed this, his second petition to vacate sentence, which is now being served in Alcatraz, California, almost four and one-half years after his conviction, and now comes before this court on his third appeal. In the instant motion he alleges in substance that he was denied effective representation by counsel in the original trial, that his attorney failed to call a critical alibi witness in his defense, and that the government's trial attorney (in collusion with his own counsel) utilized manufactured evidence to secure the conviction. The trial court, in considering this motion, had before it Trumblay's motion and supporting memorandum, the government's answer thereto and supporting memorandum, Trumblay's traverse to the answer, and *the entire record and files in the case* from its inception. The trial court denied the

motion without a hearing holding that the motion, the files and records of the case conclusively showed that the prisoner was entitled to no relief.

■ Trumblay's contention in this appeal is predicated solely upon the failure of the trial court to conduct a hearing. Section 2255 makes a hearing mandatory "[u]nless *the motion and the files and records of the case* conclusively show that the prisoner is entitled to no relief. * * *" (Our emphasis.)

Trumblay can hardly be heard to complain of the effectiveness of his own counsel in the trial in 1953 since they were of his own choosing and the record discloses a creditable performance, and since we now hear this particular complaint for the first time. Furthermore, the evidence which he alleges was withheld by their action was known to him at the trial, and he cannot at this late date be heard to say that it should have been introduced or shown by his counsel on cross-examination. The record shows that his so-called alibi witness was subpoenaed and served for appearance on the second day of the trial and failed to appear and that his attorney then had a bench warrant issued for her. She did not appear and testify. This would seem to refute Trumblay's suggestion that she was a willing witness. Other failures charged to his trial counsel relate to various pre-trial motions and objections to questions asked of witnesses by government counsel that he now complains should have been made. These charges appear as general allegations or conclusions in his petition and at best represent an effort by a prisoner now to blame his counsel for his conviction more than four years after the trial. His charges of collusion between his own and government counsel are not substantiated by any allegation of fact and he makes no showing that he has any proof thereof.

■■ As set forth in our opinion in a previous appeal by this petitioner, when a motion is made to vacate, set aside or correct a sentence, the movant must set forth facts and not merely conclusions. United States v. Trumblay, 7 Cir., 1953,

234 F.2d 273, 275 and cases cited therein. Moreover, charges of collusion on the part of counsel must be based on more than unsupported allegations, United States ex rel. Swaggerty v. Knoch, 7 Cir., 1957, 245 F.2d 229, 230.

We conclude that the trial court, after considering the motion, files and records of this case, was justified in finding that they showed conclusively that petitioner was entitled to no relief, and did not err in not conducting a hearing on petitioner's motion.

We acknowledge with thanks the able and thorough presentation of petitioner's appeal by Mr. William K. Bachelder, of the Chicago Bar, court appointed counsel.

The order of the district court denying petitioner's motion to vacate sentence is

Affirmed.