**Lawrence A. TRUMBLAY, Petitioner-Appellant,**

v.

**UNITED STATES of America, Respondent-Appellee,**

**No. 12859.**

United States Court of Appeals
Seventh Circuit.
April 28, 1960.

Prentice H. Marshall, Chicago, Ill., for appellant.

Kennenth C. Raub, U. S. Atty., Hammond, Ind., Charles R. Le Master, Fort Wayne, Ind., for appellee.

Before HASTINGS, Chief Judge, and DUFFY and CASTLE, Circuit Judges.

DUFFY, Circuit Judge.

In February, 1953, defendant was charged in two counts, the first, of bank robbery in violation of § 2113(a), Title 18 U.S.C., and the second, an assault with a dangerous weapon in connection with the robbery, in violation of § 2113 (d) of said title. He was convicted upon both counts, and was sentenced to five years on Count I, and to twenty-five years on Count II, the sentences to run consecutively. Defendant is presently incarcerated in a federal prison.

This appeal is from an order of the District Court denying, without a hearing, defendant's motion under § 2255, Title 28, to vacate the judgment of conviction. The basis for the claimed relief is that at the time sentence was imposed upon defendant, he was not afforded effective assistance of counsel as guaranteed by the Sixth Amendment.

The District Court denied defendant's motion for leave to appeal *in forma pauperis* upon the ground any appeal would be without merit and would not be taken in good faith. However, the trial court treated defendant's motion for leave to appeal as a notice of appeal. Thereafter, this Court granted a motion of defendant for leave to appeal *in forma pauperis,*

and appointed as his counsel, Prentice H. Marshall, Esq., of the Chicago Bar. Mr. Marshall is Chairman of the Committee of the Bar Association of the Seventh Federal Circuit for Defense of Indigents.

This is the fourth time this defendant has been before this Court since his conviction in 1953. Shortly after his trial,[1] and after denial of his motion for a new trial, he appealed from the judgment of conviction, and as grounds for reversal, urged errors in 1) failure to grant a change in venue; 2) insufficiency of the evidence; 3) error in admission of certain evidence; and 4) error in instructions to the jury. This Court affirmed the trial court. United States v. Trumblay, 7 Cir., 1953, 208 F.2d 147.

On September 23, 1955, defendant, pursuant to § 2255, Title 28, filed a motion to vacate his sentence. Three grounds were asserted: 1) error in submitting to the jury the information filed herein with affidavit attached; 2) failure to intelligently waive the right to a grand jury indictment and 3) excessive sentence. At the hearing, he was represented by two attorneys of his own choosing, neither of whom had previously represented him. The trial court vacated the sentence imposed on Count I, but left intact the sentence under Count II. This Court affirmed. United States v. Trumblay, 7 Cir., 1956, 234 F.2d 273, certiorari denied 352 U.S. 931, 77 S.Ct. 233, 1 L.Ed.2d 166.

On July 22, 1957, defendant filed a second motion under § 2255. The grounds relied upon included: 1) the denial of effective representation by counsel at the trial; 2) failure of defense counsel to call an alibi witness; and 3) the knowing use by the Government of false and manufactured evidence. Without a hearing, the trial court denied the motion on the ground that the motion, files, and records of this case conclusively showed defendant was entitled to no relief. On appeal to this Court, defendant was represented by court-appointed counsel.

This Court affirmed the trial court. United States v. Trumblay, 7 Cir., 1958, 256 F.2d 615.

The crux of defendant's present appeal is that he was denied the effective assistance of counsel on the date when he was sentenced in 1953. He had been convicted by a jury in February. Before defendant was sentenced, he had employed Attorney Harry S. Taylor to represent him, presumably upon a contemplated appeal. Taylor entered his formal appearance on April 3, 1953. Defendant was called up for sentence on April 10, 1953. Taylor was in court with the defendant.

In his statement in aggravation, the United States Attorney stated defendant was a "member of a bank robbery gang" and that if defendant would tell the truth, he could tell about other bank robberies. He characterized defendant as being "as dangerous as John Dillinger or any of the other famous bank robbers thought of being."

The trial judge asked Mr. Taylor if he desired to speak in defendant's behalf. Taylor answered that he was appearing for defendant. He then said: "If the Court please, I know nothing about the defendant's background, previous record, or the facts of this case, except what I read in the newspaper, and it is presumptuous for me to say anything at this particular time, except that I have told him that he has no legal reason why the sentence should not be imposed, but it is a question of the amount of the sentence. Your Honor is fully informed of all the facts, which I don't have, and that would be all that I would say at this particular stage of the proceedings."

The Court then asked defendant if he wished to say anything, and defendant said: "Mr. Keating accuses me of other robberies, and accuses me of this robbery which I have been found guilty of. I have not committed this crime, I am innocent of it, and I am innocent of the other crimes Mr. Keating is accusing me

---

1. At the trial and upon the motion for a new trial, the defendant was represented by two competent attorneys of his own choosing.

of, and I wish and pray that I have another chance to prove my innocence."

The Court then made a statement including: "I feel also that at his age a sentence ought to be fixed which would give him an opportunity yet to live a law-abiding life, if he makes up his mind to do so, which he has not done up to now; since a very small boy, he has been constantly in trouble. Another factor to be considered is that this sentence should be one which will indicate the seriousness of the crime, a crime in which it was only by fortuitous circumstances that a man's life was not taken; it was only by chance that a murder was not committed. This was a crime of violence,[2] and it must be viewed and treated from that standpoint, as far as the sentence is concerned."

Defendant relies heavily on Price v. Johnston, 1948, 334 U.S. 266, 68 S.Ct. 1049, 92 L.Ed. 1356. It was a five to four decision. In that case, the petitioner filed a fourth petition for a writ of habeas corpus, alleging the government knowingly used false and perjured testimony at his trial. The District Court denied the fourth petition without a hearing. The Court of Appeals for the Ninth Circuit, sitting en banc, affirmed, 161 F.2d 705, holding there was no abuse of discretion in the dismissal of the petition. In the Supreme Court, the majority agreed that the question raised by petitioner in his fourth petition had not been raised in the three earlier proceedings, but concluded the burden was on the government to challenge the petition as abusive, and remanded the case to the District Court for a determination whether there was a reason for not raising the question at the prior habeas corpus proceedings.

■ As an original proposition we might well hold that the rule as to § 2255 is different than in a habeas corpus proceeding. Section 2255, Title 28 states: "The sentencing court shall not be required to entertain a second or suc-

cessive motion for similar relief on behalf of the same prisoner." This is different language from that used in the habeas corpus statute, Title 28 U.S.C. § 2244. However, the doctrine of Price v. Johnston has been applied to successive § 2255 petitions in Barrett v. Hunter, 10 Cir., 180 F.2d 510, 20 A.L.R.2d 965; Hallowell v. United States, 5 Cir., 197 F.2d 926, and Dunn v. United States, 6 Cir., 245 F.2d 407. We are not disposed to take issue with those decisions.

An illustration of the different interpretations of the state of the law including an interpretation of Price v. Johnston, supra, is demonstrated by the recent case of Smith v. United States, D.C. Cir., 1959, 270 F.2d 921. In that case, the petitioner had filed a motion under § 2255 alleging his counsel had been ineffective at the trial. The motion was denied. He filed a second motion under § 2255 asserting that he had been mentally incompetent to stand trial. The Court of Appeals of the District of Columbia considered the case en banc. A per curiam opinion was handed down reversing the District Judge and remanding for further hearing on the issue of petitioner's competency at the trial. Judge Fahy wrote one opinion and three of his colleagues concurred. Judge Danaher wrote another opinion in which Judge Burger concurred. Chief Judge Prettyman wrote a separate opinion and Judges Miller and Bastian each wrote a separate dissenting opinion.

Only a year previous, the same court decided Turner v. United States, 1958, 103 U.S.App.D.C. 313, 258 F.2d 165. There, the petitioner had filed a previous petition under § 2255. A second petition was filed alleging violation of constitutional rights. The District Court denied relief without a hearing. The Court of Appeals affirmed, saying at 258 F.2d 166, 167: "Where there has been a previous appeal or a previous 2255 motion, the District Judge has discretion to deny

---

2. The testimony at the trial showed one of the bank employees had been shot at close range by one of the robbers with a sawed-off shot gun. The employee was seriously crippled.

relief as to those allegations which could have been, but were not, raised in the earlier proceeding, *unless* the petitioner has 'some justifiable reason he was previously unable to assert his rights,' or unless he was 'unaware of the significance of relevant facts.'" (citing Price v. Johnston). The Court specifically held that the District Court did not abuse its discretion in refusing relief.

In the opinion in Smith v. United States, written by Judge Fahy, he states the language of § 2255 "* * * simply means that the District Court is not required to entertain a second or successive motion for similar relief but may do so in the exercise of a sound discretion, its action being reviewable for abuse of discretion." (270 F.2d 924) Judge Fahy does criticize some of the language used in Turner v. United States without specifying same.

Chief Judge Prettyman states the Turner case was correctly decided. Judge Danaher, speaking for himself and for Judge Burger, cites the Turner case without criticism. In Judge Bastian's dissenting opinion, the Turner case is cited with approval. Thus, it follows that there has been no repudiation of the Turner decision by the Court of Appeals for the District of Columbia, and less than a majority of that Court has criticized some of the language in the Turner opinion.

In his second petition under § 2255, Trumblay made serious charges against the attorneys who represented him on the trial. Among other things, he charged them with collusion with the attorney for the Government in utilizing false and manufactured evidence against him. Therefore, the worry and concern expressed by the majority opinion in Price v. Johnston, supra, that the prisoner did not know about the defense, is not applicable in the case at bar. Also, Trumblay personally knew what had occurred in court on the day he was sentenced.

■ Whether the basis of the instant motion is an afterthought or is a part of a planned strategy of filing successive motions, we do not know. Possibly defendant hopes, as a minimum, to obtain a free trip from Alcatraz to South Bend, Indiana. Whatever the basis of the strategy, we regard it as an abuse of the judicial process. As Trumblay has found serious fault with three competent attorneys, all of his own choosing, we may expect similar charges in the future with reference to his court-appointed counsel.

■ Furthermore, under the circumstances of this case, we do not think Attorney Taylor's statement to the Court resulted in Trumblay being denied effective representation by counsel. Taylor, undoubtedly, knew that it is practically the universal practice in this Circuit for the District Judges to have before them a pre-sentence investigation report prepared by the Probation Department before sentence is imposed. This report gives detailed information as to the past life of the defendant. The trial court mentioned that since the time he was a very small boy, Trumblay had been in trouble constantly. This information could come only from a pre-sentence investigation report. The jury's verdict established Trumblay's guilt, and there was not much, if anything, his counsel could say except to urge a light sentence.

■ Trumblay complains that the United States Attorney referred to him as a "member of a bank robbery gang." The testimony showed that there were four members of the gang that held up the bank in South Bend, and the verdict established that Trumblay was one of them. No harm could possibly have been done by referring to a bank robbery gang.

Trumblay claims he was damaged by the statement of Government's Counsel that he was as dangerous as John Dillinger. The fact that one of his gang did not hesitate to shoot a bank employee with a shotgun, would indicate that the characterization was not extreme.

■ The learned trial judge who refused a hearing on the third petition of

Trumblay under § 2255 was the same judge who presided over the trial, and he had before him the motion and all the files and record of the case. We think the trial judge was acting within his discretion and within the provisions of § 2255 in reaching the conclusion that Trumblay was not entitled to any relief.

We are indebted to Mr. Prentice H. Marshall for the excellent briefs which he has prepared in this matter and for his able presentation of the issues upon oral argument.

Affirmed.