UNITED STATES of America, Plaintiff-Appellee,

v.

Lawrence A. TRUMBLAY, Defendant-Appellant.

No. 13139.

United States Court of Appeals Seventh Circuit.

Feb. 15, 1961.

Lawrence A. Trumblay, in pro. per., for appellant.

Charles R. LeMaster, Asst. U. S. Atty., Kenneth C. Raub, U. S. Atty., Fort Wayne, Ind., for appellee.

Before HASTINGS, Chief Judge, and DUFFY and CASTLE, Circuit Judges.

DUFFY, Circuit Judge.

Defendant was charged by an information in two counts with the offense of robbing the National Bank and Trust Company of South Bend, Indiana, a bank insured by the Federal Deposit Insurance Corporation. Count I charged violation of section 2113(a), Title 18 U.S.C. Count II charged violation of section 2113(d), Title 18 U.S.C. In February, 1953, after a trial before a jury, defendant was convicted upon both counts. The instant appeal represents the fifth time that defendant has been before this Court since his conviction in 1953.

After the trial in 1953, and after a denial of his timely motion for a new trial, defendant appealed from the judgment of conviction and urged four alleged errors committed during the course of the trial. The decision of the trial court was affirmed. United States v. Trumblay, 7 Cir., 208 F.2d 147.

In 1955, defendant filed a motion to vacate sentence pursuant to section 2255, Title 28 U.S.C. Upon the hearing, the trial court vacated the 5-year sentence imposed upon Count I, but left the 25-year sentence under Count II intact. An appeal to this Court resulted in an affirmance. United States v. Trumblay, 7 Cir., 234 F.2d 273, certiorari denied 352 U.S. 931, 77 S.Ct. 233, 1 L.Ed.2d 166.

In 1957, defendant filed a second motion under section 2255. The grounds of this motion included 1) denial of effective representation by counsel at the trial; 2) failure of the defense attorney to call a critical alibi witness, and 3) the knowing use of manufactured evidence by the government. The trial court denied the motion and upon appeal the trial court was affirmed by this Court. United States v. Trumblay, 7 Cir., 256 F.2d 615.

In 1959, defendant filed a third motion to vacate sentence under section 2255. The ground alleged was that defendant had been denied the effective representation of counsel. Trumblay claimed the attorney who had been chosen by defendant himself, did not adequately speak on his behalf at the time of sentencing in 1953. The trial court denied this motion without a hearing on the ground that the motion, files and records conclusively showed defendant was entitled to no relief. Upon appeal, the action of the trial court was affirmed. Trumblay v. United States, 7 Cir., 278 F.2d 229.

On July 29, 1960, defendant filed in the District Court a motion which culminated in the present appeal. The motion was filed pursuant to Rule 35, Federal Rules of Criminal Procedure, 18 U.S.C., and sought vacation of the 25-year sentence imposed under Count II upon the alleged ground that the Court, in imposing the sentence of five years on Count I, had exhausted its power to sentence further. On the same day the motion was filed, the District Court entered an order denying defendant's motion to vacate sentence, and referred in its memorandum to the fact that the 5-year sentence under Count I previously vacated in 1956 could not now be treated as valid for the purpose of attacking the 25-year sentence imposed under Count II. From the District Court's order denying defendant's motion to vacate sentence, the instant appeal was taken.

On the instant appeal, as defendant was unable to be personally present before this Court at the time set for oral argument, the government agreed the issues herein might be decided on the briefs theretofore filed and without oral argument. This has been done.

Defendant's principal contention is that when the District Court imposed a 5-year sentence under Count I, it exhausted its power to sentence under Count II and, therefore, the 25-year sentence imposed under Count II is invalid.

Implicit in defendant's present argument is that the District Court was in error in 1956 when it set aside the 5-year

sentence on Count I. Of course, this was done on defendant's motion hereinbefore described. This Court approved the correction made by the District Court. United States v. Trumblay, 7 Cir., 234 F.2d 273, 275, certiorari denied 352 U.S. 931, 77 S.Ct. 233, 1 L.Ed.2d 166.

■ Prior to Prince v. United States, 352 U.S. 322, 77 S.Ct. 403, 1 L.Ed.2d 370, there were differing views as to the doctrine of merger under the federal bank robbery statute. It is now well established that an offense under section 2113 (a), simple bank robbery, for sentencing purposes becomes merged with the more aggravated offense under section 2113 (d), while committing a bank robbery, assaulting any person, or putting in jeopardy the life of any person by the use of a dangerous weapon. Thus, the maximum sentence which could properly be imposed for a violation of these two sections is twenty-five years.

Defendant seeks a complete vacation of the 25-year sentence. He claims to be proceeding under Rule 35, Federal Rules of Criminal Procedure, which provides that the Court may correct an illegal sentence at any time. Apparently, the correction asked by defendant is to do away with the sentence completely. The District Court already has corrected the sentence. It did so in 1956. In its discretion, it decided the corrected sentence should be for a term of twenty-five years. The District Court did not exceed its power or authority in making such correction.

■ We reject the theory urged by defendant that the District Court exhausted its power when it imposed the 5-year sentence on Count I. Defendant's confidence in Holiday v. Johnston, 313 U.S. 342, 61 S.Ct. 1015, 85 L.Ed. 1392, is misplaced. It is true that case, like the instant case, dealt with successive sentences for bank robbery and for assaulting with a deadly weapon in connection with that robbery. It was also assumed that only one valid sentence could be imposed.

The Holiday case arose on a petition for habeas corpus. The Supreme Court advised Holiday his remedy was to apply for a vacation of sentence and a re-sentencing. Holiday made such a motion in the district court. That court vacated the shorter term for bank robbery under Count I, but left intact the longer consecutive sentence imposed under Count II. Holiday appealed.

The Court of Appeals for the Eighth Circuit held there was no error. Holiday v. United States, 130 F.2d 988, certiorari denied 317 U.S. 691, 63 S.Ct. 265, 87 L.Ed. 553. The Court stated, 130 F.2d at pages 989–990, "Whether Holiday entered one plea of guilty to the indictment or a separate plea to each count, we regard as immaterial. * * * It is our opinion that the indictment, after plea of guilty and for the purpose of sentence, charged but one offense, which was the offense fully described in the second count; that that count and the sentence imposed under it were valid; and that the court below did not err in sustaining that sentence and vacating the sentence imposed under the first count."

The order of the District Court is

Affirmed.