Thomas **HAYES**, Petitioner,

v.

**UNITED STATES of America,**
Respondent.

No. 3703–Cr.

United States District Court
E. D. North Carolina,
Fayetteville Division.

Aug. 27, 1962.

George Z. Stuhl, Fayetteville, N. C., for petitioner.

Robert H. Cowen, U. S. Atty., Raleigh, N. C., represented by Harold W. Gavin and Alton T. Cummings, Asst. U. S. Attys., for respondent.

BUTLER, Chief Judge.

This is a motion, under 28 U.S.C. § 2255, to vacate a sentence of life imprisonment for the crime of rape imposed upon the petitioner, Thomas Hayes, on December 22, 1955. No appeal was taken from the judgment. Jurisdiction of the federal court was based on the fact that the offense was committed on the Fort Bragg military reservation on lands under the exclusive or concurrent jurisdiction of the United States.[1]

The petitioner alleges as grounds for relief that his conviction was obtained by fraud or perjured testimony knowingly used by government agents. The only allegation in the motion in support of this contention is a reference to a newspaper article concerning the case of an army officer, a Lieutenant Michael J. Collins, who in June 1954, had been

1. 18 U.S.C. § 13.

convicted of rape by a general court-martial at Fort Bragg, and was later exonerated by military officials and awarded an indemnity of $25,000 by a special act of Congress. The petitioner did not allege any facts tending to connect his case with the Collins case, but he alleges that both convictions were obtained by "the same kind of evidence."

Although the petition could have been dismissed for failure to allege sufficient factual grounds for relief, United States v. Spadafora, 200 F.2d 140 (7th Cir.1952), the Court was of the opinion that the reference to the Collins case justified an investigation. The record in that case was obtained through the office of the Judge Advocate General of the Department of the Army, and a comparison of the relevant facts in the Hayes and Collins cases shows striking similarities.

### Facts in Hayes Case

The record in the Hayes case discloses that on the evening of February 11, 1955, the prosecuting witness, a young girl sixteen years of age, and a friend, Sgt. Wilbur Shields, married and the father of one child, were parked on a lonely road on the Fort Bragg military reservation. A Negro man came up to the car and requested a ride to town. He got in the car with the permission of Sgt. Shields and sat on the left rear seat talking with them for several minutes. He produced a pistol and stated that he intended to have sexual relations with the girl. He ordered them out of the car; the girl ran, and was overtaken by the Negro. The rape occurred while Sgt. Shields was seeking help.

Sgt. Stanislaus J. Kubiak, a military criminal investigator at Fort Bragg, testified that he dusted Sgt. Shields' car on February 14, 1955, for latent fingerprints, and that he lifted prints from the left rear door molding which he immediately gave to another investigator, Sgt. Francisco Martinez.

On Saturday, February 19, 1955, Hayes was arrested and questioned about the crime because he fitted the general description of the assailant given by the prosecuting witness and Sgt. Shields. Shortly after his arrest Hayes was observed by them, but neither could identify him as the person who committed the offense; however, at the trial Sgt. Shields did identify Hayes as the assailant and explained that his failure to identify him originally was an effort to avoid publicity.

Hayes' prints were taken as a matter of routine by the Police Department, but no comparison of these prints was made with the lifted prints. On Monday, February 21, 1955, following polygraph tests made at Fort Bragg, he was released. Later, about the 10th of March, 1955, the lifted prints were turned over to the Federal Bureau of Investigation for comparison with known prints of Thomas Hayes which were on file as a result of his military service. The comparison disclosed that the lifted prints were made by Hayes' left ring finger, and he was arrested, indicted, and convicted of rape.

### Facts in Collins Case

The record in the Collins case shows that Lieutenant Collins was tried by a general court-martial at Fort Bragg in June, 1954, on a two-count charge. He was acquitted on one count charging burglary and assault with intent to commit rape of a Womans Army Corps officer and was convicted on the second count charging burglary and assault with with intent to commit sodomy on a Department of the Army civilian secretary.

The charge of which he was convicted occurred on April 27, 1954, in the Womans Army Corps Bachelor Officers Quarters on the Fort Bragg reservation. Collins was questioned and his fingerprints were taken on the same date. Also, on that date he was given a polygraph test which was found to be "conclusively negative." It was dark at the time of the offense, and the victim was unable to identify Collins as the person who had assaulted her.

Sgt. Stanislaus J. Kubiak (the military criminal investigator in the Hayes case)

testified that on May 1, 1954, he dusted the scene of the offense for latent fingerprints; that he found a print on an inner doorknob; that he had the door taken down and transported to his headquarters; that in the presence of another investigator he then lifted the print of one finger from the knob; and that the next day he gave this print to another investigator and a subsequent comparison with the prints taken from Collins disclosed that the print was made by Collins' left index finger. The evidence showed that before the door was taken down Collins was twice taken by investigators to the building where the offense occurred. The investigators, Sgt. Kubiak and Chief Warrant Officer Ira B. Morton, testified that Collins was not allowed to go near the room where the offense occurred; however, Collins contended that he was taken into the room and that in the process of taking his shoes off as directed by the investigators, he placed his hand on the doorknob. The only other evidence against Collins was a plaster cast of a tire mark which, when compared with tires on Collins' car, was similar, but not conclusive, and an empty beer can found in the parking lot outside the victim's quarters which was shown to have been opened by a particular can opener in the possession of Collins shortly before the offense occurred.

Lieutenant Collins was given a dishonorable discharge and was sentenced to hard labor for ten years. The sentence was approved by the convening authority and the findings and sentence were affirmed by a board of review. On April 18, 1955, the United States Court of Military Appeals denied a grant of review. Lieutenant Collins then filed a petition for new trial pursuant to 50 U.S.C.A. § 660. The petition alleged that military investigators, namely, Sgt. Kubiak and CWO Morton, "jointly and severally, or individually, by Sgt. Kubiak, framed the petitioner with a spurious fingerprint." After an investigation by military authorities and a hearing, the reviewing officer concluded that there was "substantial evidence of fraud on the court prejudicial to the petitioner and that a new trial will probably produce a substantially more favorable result for the petitioner." Based on this conclusion, an order was entered dismissing the charges against Lieutenant Collins, and reciting that "all rights, privileges and property of which the accused has been deprived by virtue of the findings of guilty and the sentence will be restored." On April 24, 1961, the 87th Congress enacted Private Law 87–1, awarding Lieutenant Collins the sum of $25,000, "in full settlement of all of his claims against the United States and as reimbursement to him for expenses incurred in establishing his innocence and to remove injustices resulting to him from his conviction which was based upon fraudulent evidence fabricated and produced by certain unscrupulous members of the United States Army."

Discussion

The marked similarities between the Hayes and Collins cases may be stated as follows:

(1) The two offenses occurred within less than a year and on the same military reservation;

(2) The offenses were related in nature;

(3) There was no identification by the victim in either case;

(4) Both convictions seemed to be based primarily on fingerprint evidence which in each case was lifted prints of one finger;

(5) Sgt. Kubiak lifted the fingerprints in each case, and certain other investigating personnel were the same in both cases;

(6) In both cases the only suspect was the person subsequently convicted;

(7) There was a time lapse of several days in both cases between the occurrence and the lifting of the prints; and

(8) Both were given polygraph tests and then released.

Upon consideration of the present motion and the records of the case, it

was determined that they do not conclusively show, within the purview of 28 U.S.C. § 2255, that the petitioner Hayes is entitled to no relief. It is well established that a conviction based on perjury by a government agent is adequate grounds for relief. Sears v. United States, 265 F.2d 301 (5th Cir.1959). In compliance with the petitioner's request, the Court appointed as counsel for the petitioner in this proceeding Mr. George Z. Stuhl, who was of counsel for the defendant in the trial of this case; and ordered that an adversary hearing be held and that the petitioner be present at the hearing.

Prior to the hearing, the record in the Collins case was made available to counsel for the petitioner. All witnesses requested by the petitioner were present at the hearing. Furthermore, in order to give the petitioner and the government maximum latitude in the examination of witnesses, the Court introduced some of the witnesses as its own, Young v. United States, 107 F.2d 490 (5th Cir. 1939), Litsinger v. United States, 44 F. 2d 45 (7th Cir.1930), thereby avoiding the long established rule that a party may not cross-examine or impeach his own witness.

At the hearing Hayes testified that on February 21, 1955, he was taken by Sgt. Kubiak and another military investigator to Fort Bragg and given two polygraph tests and then released. Sgt. Kubiak testified that Hayes took the polygraph tests voluntarily; that he lifted the prints later identified as Hayes' from Sgt. Shields' car; that he participated in the investigation of the Collins case; that as a result of the Collins case he has had his investigating credentials suspended twice and that he was placed on probation for one year and his commanding officer required to make a report on him every three months; that he may have been under suspension at

the time he investigated the Hayes case; and that he is still in the Army, but not in the criminal investigation field because he requested and received a transfer to other work.

Francisco Martinez testified that he was the military investigator in charge of the investigation in the Hayes case; that he requested the assistance of Sgt. Kubiak; that he was present when Sgt. Kubiak lifted the prints from Shields' car; and that he could not identify the lifted prints and tapes except by the fact that Sgt. Kubiak had put the date and his initials on the tapes.

Captain J. G. deTar testified that he was the commanding officer of Sgt. Kubiak at the time of the Collins and the Hayes investigations; and that Sgt. Kubiak had access to the investigation file in the Hayes case.

Upon consideration of the trial record, it is doubtful that there was sufficient evidence to support the conviction of Hayes exclusive of the fingerprint testimony. Furthermore, the trial judge was of the opinion that the fingerprint evidence was the decisive proof of his guilt.[2]

The evidence presented at the hearing established that the testimony of Sgt. Kubiak was necessary to authenticate the incriminating prints since his initials on the lifting tapes were the sole means of identification. Also, there was sufficient testimony at the hearing in reference to the Collins case to impeach the credibility of Sgt. Kubiak.

Under Section 2255, the Court may vacate the judgment and discharge the prisoner, or re-sentence him, or grant a new trial, or correct the sentence as may appear appropriate. In this case the only alternatives are to vacate the judgment and discharge the prisoner, or to grant a new trial.

Proceedings under 28 U.S.C. § 2255 are civil in nature, Heflin v. United

---

2. The trial judge in passing sentence said: "We have passed the question of guilt. It was a hard question. I don't think it is inappropriate for me to say that if I had been on the jury I would have voted Guilty because the fingerprint would have completely convinced me, but there are some things in the case which would have troubled me, and might have troubled the jury."

States, 358 U.S. 415, 79 S.Ct. 451, 3 L. L.Ed.2d 407 (1959), and the burden is on the petitioner to establish by a preponderance of the evidence that he has been deprived of some right under the Constitution. Hearn v. United States, 194 F.2d 647 (7th Cir.1952), cert. denied, 343 U.S. 968, 72 S.Ct. 1064, 96 L. Ed. 1364. Therefore, in this case Hayes would be entitled to his discharge had he proved by a preponderance of the evidence that Sgt. Kubiak's testimony relating to fingerprints was perjured, since it appears that the conviction could not be sustained without such testimony. However, no such showing was made at the hearing. Thus, he is not entitled to a vacation of judgment and discharge. ·

■ I think that whether the petitioner is entitled to a new trial should be determined by the rules applicable to a motion for a new trial upon the grounds of newly discovered evidence. The essential requirements of newly discovered evidence to justify the granting of a new trial are well established. United States v. Rutkin, 208 F.2d 647 (3rd Cir.1953), United States v. Johnson, 327 U.S. 106, 66 S.Ct. 464, 90 L.Ed. 562 (1946). Among other requirements, the evidence relied on must not be merely cumulative or impeaching, Mesarosh v. United States, 352 U.S. 1, 77 S.Ct. 1, 1 L.Ed. 2d 1 (1956) [3], and it must be such that, on a new trial, it would probably produce an acquittal, United States v. Rutkin, supra.

■ I am of the opinion that the evidence offered by the petitioner at the hearing was merely impeaching, as tending to show misconduct of the government witness in the investigation of another case. No affirmative evidence of petitioner's innocence was presented.

Furthermore, it does not appear that a new trial would probably result in an acquittal. No facts of misconduct in the Collins case were elicited from Kubiak on cross-examination; neither was there proof of any conviction of Kubiak for misconduct in that case.

■ I am of the opinion that extrinsic evidence relating to the Collins case would not be admissible for the purpose of impeachment and that there would be no reasonable grounds to anticipate an acquittal at a new trial. Wigmore, Evidence § 980 et seq. (3rd ed. 1940).

No sufficient reason appears to afford the petitioner any relief under the rules by which this Court is governed. If the petitioner is entitled to any relief, it is by application for executive clemency.

Therefore, the motion of the petitioner is denied.

---

3. But see, United States v. On Lee, 201 F.2d 722 (2d Cir.1953), (dissenting opinion).