**Willie Earl FRAZER, Appellant,**

v.

**UNITED STATES of America,
Appellee.**

No. 14898.

United States Court of Appeals
Ninth Circuit.

May 8, 1956.

Rehearing Denied June 15, 1956.

Willie Earl Frazer, in pro. per.

Lloyd H. Burke, U. S. Atty., Richard H. Foster, Asst. U. S. Atty., San Francisco, Cal., for appellee.

Before ORR, POPE and LEMMON, Circuit Judges.

PER CURIAM.

Appellant Willie Earl Frazer, a prisoner at the federal penitentiary at Steilacoom, Washington, was convicted on

April 20, 1954 of unlawfully concealing, selling and conspiring to conceal and sell narcotics. No appeal from said conviction was taken. On July 21, 1954 Frazer filed a petition in the District Court for the Northern District of California, Southern Division pursuant to § 2255 of Title 28, U.S.C.A. to vacate and set aside the judgment and sentence on the grounds that his conviction was unlawful in that he had been entrapped by law enforcement officers and, further, in that the United States Attorney knowingly used perjured testimony in the course of appellant's trial. It is alleged that appellant was thereby denied due process of law and the trial court lost jurisdiction. The district court denied the petition.

 At the trial the defense of entrapment was not raised or an instruction thereon requested. The defense of entrapment was in no manner injected into the case. Sec. 2255 does not subject duly formed judgments to collateral attack on the mere belated allegation of defensive matter not previously raised and not going to the jurisdiction of the sentencing court or the constitutionality of the sentence, Hastings v. United States, 9 Cir., 1950, 184 F.2d 939. Hence the allegation of entrapment by law enforcement officers in this § 2255 proceeding is insufficient to warrant the relief asked, see Davis v. United States, 5 Cir., 1953, 205 F.2d 516, and United States v. Spadafora, 7 Cir., 1952, 200 F.2d 140.

The alternative ground alleged, to the effect that the United States Attorney knowingly used the perjured testimony of prosecution witness Margie Gray, we find to be completely without merit. This contention is based solely upon the fact that the record shows that during the trial this witness changed her testimony. From this circumstance and this circumstance alone the appellant sought to have the court hold that there was knowing use of perjured testimony.

Miss Gray first testified that she was not being paid by the Government for her services in the case. Thereafter, the United States Attorney and a treasury agent privately reminded Miss Gray that she had received compensation. She then changed her testimony and admitted that she was, in fact, receiving compensation.

The action of the United States Attorney was commendable. At the first opportunity he advised the witness to speak the truth. It then was within the province of the jury to give such credence to her testimony as it saw fit.

Affirmed.