Tiny Glen A. SEARS, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 17325.

United States Court of Appeals
Fifth Circuit.

March 24, 1959.

———◆———

Tiny Glen A. Sears, in pro. per.

E. Coleman Madsen, Asst. U. S. Atty.,
James L. Guilmartin, U. S. Atty., S.D.
Florida, Jacksonville, Fla., for appellee.

Before HUTCHESON, Chief Judge,
and TUTTLE and JONES, Circuit
Judges.

PER CURIAM.

The appellant sought, by a motion under 28 U.S.C.A. § 2255, to be relieved of the sentence imposed upon his conviction for violation of the Mann Act, 18 U.S.C.A. § 2421. He asserts, as grounds for the relief sought, that he was not furnished with a bill of particulars; that he was convicted on perjured testimony; that witnesses were not summoned to testify on his behalf; that the evidence does not support the verdict; and that his attorney was inexperienced

and did not properly represent him. The district court determined that the motion should be denied. From the order denying the motion this appeal was taken.

■ There was no request made, by motion or otherwise, for a bill of particulars and hence there was no duty of furnishing such information.

■ No request was made by appellant that witnesses be summoned, and no statement is now made as to the names of those whose testimony might be material or the testimony that might be expected from them. This contention is without merit.

■ If relief is to be obtained because a conviction results from perjured testimony it must appear that such testimony was known to be false by the agents of or counsel for the Government. Taylor v. United States, 8 Cir., 1956, 229 F.2d 826, certiorari denied 351 U.S. 986, 76 S.Ct. 1055, 100 L.Ed. 1500; Taylor v. United States, 9 Cir., 1955, 221 F.2d 228. Cf. Smith v. United States, 5 Cir., 1958, 252 F.2d 369, certiorari denied 357 U.S. 939, 78 S.Ct. 1388, 2 L.Ed. 2d 1552. It was not asserted that anyone acting for the Government knew that any perjured testimony was used. The appellant did not specify which witnesses made false statements nor which statements made by witnesses were false. In fact, there was no showing made that any false testimony was offered at the trial. The appellant cannot succeed on this contention.

The claim that the evidence is insufficient to support the verdict might have been raised on appeal but not on a Section 2255 motion. Smith v. United States, supra. Arthur v. United States, 5 Cir., 1956, 230 F.2d 666; McCreary v. United States, 5 Cir., 1957, 249 F.2d 433, certiorari denied 356 U.S. 945, 78 S.Ct. 792, 2 L.Ed.2d 820.

■ The counsel representing the appellant was of his own selection. Nothing done or omitted by counsel resulted in the deprivation of the appellant of any constitutional right. In such circumstances no right is shown to relief under Section 2255. See Sheridan v. United States, 5 Cir., 1959, 264 F.2d 236.

The order denying the appellant's motion was correct. It is

Affirmed.