UNITED STATES of America,

v.

Earl L. DANIELS.

Crim. No. 20267.

United States District Court
E. D. Pennsylvania.

Feb. 13, 1961.

Walter E. Alessandroni, U. S. Atty., Philadelphia, Pa., for petitioner.

Earl L. Daniels, in pro per.

WOOD, District Judge.

On June 15, 1960, the petitioner, Earl L. Daniels, was convicted by a jury of receiving, concealing, and selling narcotic drugs. He was found not guilty on two counts and guilty on four other counts and sentenced to a total of five years in the penitentiary by our colleague, Judge Grim. On January 27, 1961, Daniels filed pro se and in forma pauperis a "Petition to Strike out Judgment," now before us for disposition. We have regarded the petition as a motion attacking sentence pursuant to Title 28 U.S.C.A. § 2255. Having in mind that the petition was drawn without the aid of counsel, we have placed the broadest possible interpretation on its averments. The petition sets forth almost no facts, but rather conclusions of the petitioner, and these in a vague and nebulous manner. In spite of a liberal reading, we nevertheless conclude that each and every allegation of the petition is so devoid of factual support that no hearing is warranted. The movant must set forth facts, not merely conclusions. See United States v. Trumblay, 7 Cir., 1958, 256 F.2d 615, certiorari denied 358 U.S. 947, 79 S.Ct. 355, 3 L.Ed.2d 353. "A motion under § 2255 must set forth facts showing the basis for the relief which is asked, and in the absence of such a showing the petition may be denied without a hearing." See Walker v. United States, 7 Cir., 1955, 218 F.2d 80, 81; United States v. Mathison, D.C.1958, 159 F.Supp. 811, affirmed 7 Cir., 256 F.2d 803, certiorari denied 358 U.S. 857, 79 S.Ct. 77, 3 L.Ed.2d 91.

Furthermore, were the conclusions of petitioner, in fact, true and supported by unstated facts, they would not in law constitute a ground for vacating or correcting the sentence under Section 2255. Allegation of conviction on perjured testimony alone, without allegation of knowledge of perjury by Government agents or prosecutor, does *not* state ground for relief under Section 2255: Sears v. United States, 5 Cir., 1959, 265 F.2d 301; Griffin v. United States, 1958, 103 U.S.App.D.C. 317, 258 F.2d 411, certiorari denied 357 U.S. 922, 78 S.Ct. 1363, 2 L.Ed.2d 1366; and Black v. United States, 9 Cir., 1959, 269 F.2d 38, certiorari denied 361 U.S. 938, 80 S.Ct. 379, 4 L.Ed.2d 357. The defense of entrapment is not available on motion to collaterally attack a judgment. Turner v. United States, 8 Cir., 1959, 262 F.2d 643; Frazer v. United States, 9 Cir., 1956, 233 F.2d 1; and Way v. United States, 10 Cir., 1960, 276 F.2d 912. Incompetency of counsel is not a ground for vacating, setting aside, or correcting sentence unless the attorney's conduct was so incompetent that it made the trial a farce. Black v. United States, supra.

Any doubt as to the propriety of the use of an allegedly paid informer by the Government with regard to the petitioner's constitutional rights may be easily resolved by the petition itself which states that Judge Grim instructed the jury to consider such testimony with caution. Whether the informer's testimony was worthy of any credit, in view of his own narcotics conviction and his general character, was a matter totally within the discretion of the jury under proper instructions.

Finally, the petition states that the United States Attorney used two of his peremptory challenges to exclude two Negroes from the petit jury, and that petitioner's attorney told him that this action on the part of the United States Attorney was taken because the two Negroes might be prejudiced in favor of the defendant-petitioner. Of course, this allegation does not establish why the United States Attorney used two of his peremptory challenges against two Negroes. Any evidence adduced at a hearing to establish his motives for so doing would be inadmissible since peremptory challenges may be used *without any assigned or stated cause.*

For all of the foregoing reasons, the petition of Earl L. Daniels is hereby denied