Joseph H. WAGSTAFF, Plaintiff,

v.

UNITED STATES of America, Defendant.

UNITED STATES of America, Plaintiff,

v.

Joseph Herman WAGSTAFF, Defendant.

Nos. C 13-65, CR 116-54.

United States District Court
D. Utah,
Central Division.

March 12, 1965.

William T. Thurman, U. S. Atty., District of Utah, Salt Lake City, Utah, for United States.

Leland S. McCullough, Salt Lake City, Utah, for defendant.

CHRISTENSEN, District Judge.

In an eighty-seven page handwritten motion or petition, supplemented by a forty-two page reply, the above named defendant and petitioner, Joseph Herman Wagstaff, convicted of armed robbery of a bank in 1954 and serving a sentence of not to exceed twelve years, now collaterally attacks his conviction upon the claimed ground of deprivation of constitutional rights through illegal arrest and interrogation, denial of counsel during the initial contact, the knowing employment of false testimony by the prosecution, and by all other means which painstaking examination of the trial transcript has suggested to the fertile mind of the petitioner.

I have heretofore caused to be filed a careful analysis of the contentions set out in the defendant's petition, so that all parties concerned would have a common basis for consideration and discussion despite the repetitious, difficult, although in many ways able, presentation of the defendant. The reply statement of the petitioner does not change the essential nature of petitioner's position or the problems before the court.

It is deemed unnecessary to further discuss the detailed contentions and arguments. Suffice it to say that I have given careful consideration both to the petition, and the further presentation and arguments of the petitioner, as well as to the answer and brief filed by the government. I have also reviewed the file and the transcript of the trial.

It is now my opinion that the files and records of the case, as well as the very nature, details and purport of the petitioner's petition, conclusively show that the prisoner is entitled to no relief, and I further determine that, based upon the uncontroverted facts of the case in view of the applicable law, the judgment was rendered with jurisdiction, the sentence under which the defendant is now serving was authorized by law and is not open to collateral attack, and that there has not been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral or any attack.

The claimed irregularity in the initial interrogation, and the asserted deprivation of counsel are not borne out in any substantial way by the asserted facts. No confession, admission or prejudice is claimed to have resulted except appearance in a "lineup" for the purpose of attempted identification, and no prejudicial evidence is shown to have resulted from such attempted identification, since identification from other unimpeachable sources and as a result of entirely disconnected circumstances was relied upon at the trial. The point relied upon was not raised at the trial.

The claim that the defendant was convicted upon the basis of perjured testi-

mony knowingly utilized by the prosecution is sought to be substantiated by pointing out minor or immaterial variances in the testimony of some of the numerous witnesses appearing for the prosecution, and then reasoning that since the prosecution presented these witnesses it must have known that they were going to so testify and hence, "knowingly" utilized the testimony which, *a fortiori*, must have been perjured. The only allegation of fact of any substance is that a marshal falsely testified as to the defendant being in court and sitting in a particular position in the courtroom on a date and occasion preliminary to the actual trial, thereafter allegedly admitting that this testimony was not correct. The disputed testimony, in view of the entire record was not significant and could not have affected the result of the trial.

All of the contentions of the defendant are put in proper perspective in view of these circumstances: Knowing of all of the matters of which he complained, the defendant elected to take the stand, made no contention of the nature now made during or immediately following the trial, although represented by able counsel; filed notice of appeal in spite of the overwhelming and irrefutable evidence of his guilt, thereafter when he had spent most of the proceeds from the robbery, voluntarily dismissed the appeal because he had "seen the light" and was going to right the wrong that he had committed; made a full confession, which confirmed in almost every material respect the testimony which the prosecution had presented against him; served a portion of his sentence and while doing so wrote freely to the court and others in support of his claim that he was ready for parole because he had seen the error of his ways and had come to know that he had been

wrong in trying to conceal the true facts; was granted parole; almost immediately thereafter prepared to commit the "perfect" bank robbery by disguising his appearance with the use of elevator shoes and padding and is now serving the remainder of his term by reason of the revocation of his parole.

The defendant's rather naive justification for not questioning the claimed "perjured testimony" at the trial, although he testified on his own behalf and obviously perjured himself, is that at the trial he "had" to take the position that he was not the robber and therefore it would have been illogical for him to question the details of what happened, but that now he is in a position to freely point out the discrepancies and errors in the government's case. This falls something short of both candor and reason. And there is authority in less striking cases to indicate that while justice may be blind, it is not so blind as to be compelled to set aside a defendant's conviction on the grounds relied upon. See Green v. United States, 256 F.2d 483 (1st Cir. 1958); Taylor v. United States, 229 F.2d 826 (8th Cir. 1956), cert. den. 351 U.S. 986, 76 S.Ct. 1055, 100 L.Ed. 1500 (1956); see also the late case of Nash v. United States, (5th Cir. 1965), 342 F.2d 366.

From any standpoint, if the defendant were to succeed on his present petition, even to the extent of requiring transportation back to the district for a re-exploration of the details and minutia of the trial, the apprehension of the public that some criminal proceedings are becoming a mere game of cat and mouse to an extent would be confirmed—and in this case the defendant would be the cat.

The petition for relief under 28 U.S.C. § 2255 is denied.