**Joseph H. WAGSTAFF, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 8205.**

United States Court of Appeals
Tenth Circuit.

Oct. 11, 1965.

Richard A. Zarlengo, Denver, Colo., for appellant.

H. Ralph Klemm, Asst. U. S. Atty. (William T. Thurman, U. S. Atty., was with him on the brief), for appellee.

Before PHILLIPS, LEWIS, and BREITENSTEIN, Circuit Judges.

PER CURIAM.

The trial court denied without hearing appellant's motion for relief under 28 U.S.C. § 2255 from a sentence imposed on April 7, 1955, after a jury verdict finding appellant guilty of the armed robbery of a federally insured bank. A direct appeal was taken to this court and was dismissed on December 7, 1955, pursuant to a stipulation. The § 2255 petition states: " * * * the appeal was dismissed upon motion of the Petitioner. Petitioner subsequently cleared up the case and admitted his guilt." Appellant was thereafter released on parole and then reconfined as a parole violator.

The points urged relate to the identification of the appellant as the perpetrator of the crime. All the facts in regard to the questioned incidents either were known to, or were available to, both appellant and his retained counsel before the motion for new trial was filed in the original proceedings, were not mentioned in that motion, and were raised for the first time in this § 2255 proceeding filed nine and a half years after the conviction.

We have examined the transcript of the trial proceedings and find that identity was established by numerous witnesses whose testimony is not questioned. The proof of guilt was overwhelming; and the appellant has admitted his guilt.

In Machibroda v. United States, 368 U.S. 487, 495, 82 S.Ct. 510, 514, 7 L.Ed. 2d 473, the Supreme Court said that the "language of the statute [§ 2255] does not strip the district courts of all discretion to exercise their common sense." Sanders v. United States, 373 U.S. 1, 21, 83 S.Ct. 1068, 1080, 10 L.Ed.2d 148, says that "the sentencing court has discretion to ascertain whether the claim is substantial before granting a full evidentiary hearing." In the case at bar we believe that the trial court exercised its common sense in determining that the petition presented no substantial claim requiring an evidentiary hearing.

Affirmed.