449 P.2d 669

STATE of New Mexico, Plaintiff-Appellee,

v.

Don H. HODNETT, Defendant-Appellant.

No. 209.

Court of Appeals of New Mexico.

Dec. 31, 1968.

**762**

N. Randolph Reese, Girand, Cowan & Reese, Hobbs, for appellant.

Boston E. Witt, Atty. Gen., Gary O'Dowd, Asst. Atty. Gen., Santa Fe, for appellee.

## OPINION

ARMIJO, Judge.

Appellant was convicted of murder in the second degree. Within thirty days after sentence was imposed appellant pro se filed a pleading entitled "Motion to Vacate Sentence and discharge under Rule 93", setting forth nine grounds as basis for relief from his conviction and sentence. Thereafter, appellant through court appointed counsel, filed a motion requesting a complete transcript of the testimony at trial. This motion was denied.

A hearing was held on the Rule 93 Motion resulting in entry of order denying appellant the relief sought and he appeals.

Four claims of errors are urged upon us by appellant as grounds for relief.

Appellant first claims the trial court abused its discretion when it denied his proposed amendment to the Rule 93 Motion.

At the commencement of the hearing appellant's counsel moved to amend his motion to include as an additional ground for relief, appellant's assertions of denial of due process because the district attorney had withheld evidence from the jury and because of prejudicial closing argument to the jury. The motion to amend was resisted by the State.

We hold the trial court did not abuse its discretion in denying the amendment.

 In the absence of consent by the adverse party to the amendment proposed, the pleading could only be amended by leave of the court. § 21–1–1(15) (a), N.M. S.A. 1953. The rule further provides that amendments to the pleadings should be permitted with liberality in the furtherance of justice. Such an application, however, is to be addressed to the sound discretion of the trial court and is subject to review only for a clear abuse of discretion. Vernon Company v. Reed, 78 N.M. 554, 434 P.2d 376 (1967). Appellant makes no showing of abuse of such discretion.

 Objection to the request for amendment was based on untimeliness and because the state was not prepared to meet the matters sought to be raised. The trial court's denial was without prejudice to the filing of a subsequent motion asserting

the same grounds. Appellant is not foreclosed from filing a new motion based on matters he sought to include by way of amendment. See State v. Lobb, 78 N.M. 735, 437 P.2d 1004 (1968); State v. Canales, 78 N.M. 429, 432 P.2d 394 (1967).

Appellant next contends he was denied due process of law because his conviction was based on perjured testimony. He argues the state's main witness, the victim's widow, testified falsely about facts material to the case against him and that he was denied the opportunity to present testimony on the issue by the trial court's ruling that such grounds were not available under Rule 93 proceedings.

The issue, as submitted, does not present a question for review.

■ Rule 93 was patterned after 28 U.S.C. § 2255 (1964) and the interpretation of that section by the federal courts is persuasive of its meaning. State v. Fines, 78 N.M. 737, 437 P.2d 1006 (1968).

■■ The rule is that before relief may be granted on a claim that conviction was obtained on perjured testimony the moving party must show by a preponderance of the evidence that: " * * * (1) The testimony was perjured; and (2) the prosecuting officials knowingly and intentionally used such testimony to secure a conviction. * * * " Stein v. United States, 390 F.2d 625 (9th Cir. 1968). The mere allegation that conviction was based on perjured testimony was insufficient to raise the issue. Appellant offered nothing from which it could be said the prosecuting officials knew of and intentionally used the perjured testimony to secure the conviction. See Jackson v. United States, 384 F.2d 375 (5th Cir. 1967); Holt v. United States, 303 F.2d 791 (8th Cir. 1962); Wagstaff v. United States, 239 F.Supp. 674 (D.Utah 1965), aff'd, 351 F.2d 465 (10th Cir. 1965).

Appellant next complains he made timely request for and was entitled to a direct appeal. He states in his Rule 93 Motion, "Petitioner would like to have his case ap-

pealed to a Higher Court which his lawyer did not do."

■ Appellant cites as authority the rule that deficiencies in the notice of appeal will not serve to preclude the perfection of an appeal and relies on Baker v. Sojka, 74 N.M. 587, 396 P.2d 195 (1964), where it is said:

" * * * [E]ven though the notice of appeal is deficient, if it is apparent therefrom that it is the intention of the appellant to appeal and if the appellee has not been mislead, the notice of appeal will be sustained * * * " (citations omitted).

■ Initially we note that appellant was not denied an appeal because his counsel failed to perfect one following request to do so. See Morales v. Cox, 75 N.M. 468, 406 P.2d 177 (1965).

■ After his conviction, appellant discussed the matter of an appeal with his counsel and testified, " * * * reckon we could appeal. * * * " to which his attorney responded, " * * * I don't see no [sic] grounds. * * * " A request for appeal cannot be construed from this colloquy.

Upon filing of his Rule 93 Motion an attorney was appointed to investigate and represent appellant. No praecipe was filed as an indication the case was to be appealed. Instead appellant requested the complete transcript by motion which reiterated most of the grounds asserted in the pro se motion.

■ Appellant challenges the trial court's findings of fact and conclusions of law with regard to the issue of appeal. We note he did not preserve this issue for review because of his failure to request findings of fact and conclusions of law on this issue. State v. Simien, 78 N.M. 709, 437 P.2d 708 (1968); State v. Hardy, 78 N.M. 374, 431 P.2d 752 (1967).

Finally, appellant argues he was entitled to a transcript of the proceedings preliminary to his Rule 93 hearing and that error was committed by the trial court in deny-

ing it. In support of his claim he states no determination could be made of his allegations that his conviction was based on perjured testimony, inadequate representation by counsel, and bias of the trial judge without first furnishing a transcript of the proceedings

Appellant failed to particularize or to set forth any factual basis, which is essential before any of these issues may be considered in Rule 93 Motion. State v. Lobb, supra.

As was stated in the recent case of State v. Reid, 79 N.M. 213, 441 P.2d 742 (1968):

"Since there is nothing on which to base relief and no attempt to show how the transcript of the trial would have aided in the presentation of the claims, the trial court did not err in refusing to provide a transcript. * * *"

Finding no error, the order is affirmed. It is so ordered.

SPIESS, C. J., and OMAN, J., concur.