461 P.2d 236

Charles M. MORGAN, Appellant,

v.

STATE BOARD OF EDUCATION, Appellee.

No. 356.

Court of Appeals of New Mexico.

Oct. 31, 1969.

Charles M. Morgan, pro se.
E. P. Ripley, Santa Fe, for appellee.

## OPINION

HENDLEY, Judge.

This is an appeal by Charles M. Morgan, pro se, from a decision of the New Mexico State Board of Education that his appeal was not timely filed "and hence the State Board has no jurisdiction to hear the appeal."

We agree that the State Board lacked jurisdiction to hear the appeal.

On February 27, 1969, following a hearing held pursuant to § 77–8–14, N.M.S.A. 1953 (Vol. 11, pt. 1), Morgan was served with a copy of the Cobre Consolidated School District Board's decision, findings and conclusions discharging him as a teacher.

On March 12, 1969, the State Board received a Notice of Appeal by Morgan from the Cobre Board's decision. That appeal was attempted pursuant to § 77–8–17, N.M. S.A.1953 (Vol. 11, pt. 1) which states in part:

"* * * A written notice of appeal shall be filed with the state board within ten [10] days from the date a written copy of the decision of the local board is served upon the person making the appeal."

The sole issue is the timeliness of the appeal to the State Board.

A computation shows that the 10th day was March 9, 1969. That day being Sunday, the time is extended to March 10, 1969 in accordance with § 21–1–1(6) (a), N.M.S.A.1953 (Supp.1969). Receipt of the notice of appeal by the State Board on March 12, 1969 was not timely. Failure to perfect a timely appeal is jurisdictional. Board of Ed., Penasco Ind. Sch. Dist. No. 4 v. Rodriquez, 77 N.M. 309, 422 P.2d 351 (1966), rehearing denied (1967). Without jurisdiction the State Board could not hear an appeal and the decision of the Cobre Board discharging Morgan must stand.

Morgan would have us examine matters outside of the record regarding his timeliness. This we cannot do. We are limited to the record in our consideration of an appeal. Section 21–2–1(17) (1), N.M. S.A. (1953). Federal National Mortgage Ass'n. v. Rose Realty Inc., 79 N.M. 281, 442 P.2d 593 (1968).

We see no basic unfairness in our holding. Prior to the State Board hearing, Morgan had notice that the timeliness of his appeal would be an issue at that hearing. He had an opportunity to appear at the State Board hearing and be heard on the question of timeliness of his appeal. This he chose not to do. Morgan had an opportunity to appear before this court on three separate occasions. This he chose not to do. Prior to submission, Morgan was made aware by an Order of this court that the sole issue was that of timeliness. He chose not to appear nor to apply for a Writ of Certiorari for diminution of the record (to include within the record the matters on which he seeks to rely on the issue of timeliness). Section 21–2–1(14) (12), N.M.S.A.1953.

Affirmed.

OMAN and WOOD, JJ., concur.