467 P.2d 1000

**STATE of New Mexico, Plaintiff-Appellee,**

**v.**

**Jacob Leroy MINNS, Defendant-Appellant.**

**No. 432.**

Court of Appeals of New Mexico.
March 27, 1970.

Earl E. Hartley, Hartley, Olson & Baca, Albuquerque, for defendant-appellant.

James A. Maloney, Atty. Gen., Santa Fe, F. Stephen Boone, Asst. Atty. Gen., for plaintiff-appellee.

## OPINION

SPIESS, Chief Judge.

Defendant was convicted of having indecently handled and touched a girl under the age of sixteen years. The case was affirmed in State v. Minns, 80 N.M. 269, 454 P.2d 355 (Ct.App.1969). Thereafter defendant filed an application for post-conviction relief under Rule 93 [§ 21–1–1(93), N.M.S.A.1953 (Supp.1967)].

The trial court in its order stated that the files and records of the case conclusively show that petitioner (defendant) was not entitled to the relief prayed for and accordingly denied the motion from which this appeal followed.

Points relied upon for reversal are five in number.

"Point I: Under the circumstances of this case appellant was prejudiced by the giving of the so-called 'shot-gun instruction', thus denying him a fair trial by jury.

"Point II: The 'shotgun instruction' given contained additional wording never before approved in New Mexico which denied appellant the right to be found guilty beyond a reasonable doubt.

"Point III: The newly discovered evidence contained in affidavit form goes to the very credibility of the complaining witness.

"Point IV: The statute under which appellant was convicted denies him of due process as it applies to him because of uncertainty and vagueness.

"Point V: Testimony of acts taking place outside of the scope of the indictment served to inflame the jury to the prejudice of the appellant and to deny him of due process."

The Points I, II, IV and V are addressed to matters considered and found without merit in State v. Minns, supra. The Supreme Court and this court have uniformly held that a Rule 93 motion may not be used to reconsider matters which have been considered and disposed of on appeal. State v. Blackwell, 79 N.M. 230, 441 P.2d 759 (1968); State v. Williams, 78 N.M. 431, 432 P.2d 396 (1967); State v. Selgado, 78 N.M. 165, 429 P.2d 363 (1967); State v. McAfee, 80 N.M. 739, 460 P.2d 1023 (Ct.App.1969).

Point III, while indicating that it relates to newly discovered evidence, actually asserts that the conviction resulted in whole or in part from perjured testimony. In support of this assertion an affidavit is attached to defendant's motion containing a statement to the effect that material testimony at the trial was false. If the affidavit be true, a basis for post-conviction relief was nevertheless not established, in that defendant has not shown, nor does he assert that the particular testimony was known to be false by the agents of or counsel for the state. Sears v. United States, 265 F.2d 301 (5th Cir. 1959).

If defendant's conviction was based upon perjury his remedy is by application for executive clemency not by a motion pursuant to Rule 93. Hickman v. United States, 246 F.2d 178 (8th Cir. 1957).

The order denying relief is affirmed.

It is so ordered.

OMAN and WOOD, JJ., concur.