487 P.2d 150

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**Jack HIBBS, Defendant-Appellant.**

**No. 644.**

Court of Appeals of New Mexico.

June 25, 1971.

Harvey C. Markley, Lovington, for defendant-appellant.

David L. Norvell, Atty. Gen., Santa Fe, Jay F. Rosenthal, Asst. Atty. Gen., for plaintiff-appellee.

## OPINION

WOOD, Judge.

Defendant was convicted of aggravated battery. For a prior appeal in a post-conviction proceeding see State v. Hibbs, 79 N.M. 709, 448 P.2d 815 (Ct.App.1968). For a denial of relief by habeas corpus in Federal Court see Hibbs v. Baker, No. 7885 Civil, D.C.N.M., May· 27, 1969. The trial court denied the current motion for post-conviction relief, without a hearing, on the basis that no grounds for relief had been stated. Section 21–1–1(93), N.M.S.A.1953 (Repl.Vol. 4).

Although represented by counsel, defendant chose to file his own briefs. These briefs present numerous claims and it is doubtful that all of such claims can be considered to have been raised before the trial court. Nevertheless we have attempted to state, and answer, the various claims. In several instances the statement of the claim is followed by a citation of authority which disposes of the claim without need for any discussion. We hold that none of the claims are meritorious and most of them fail to state a basis for post-conviction relief. The claims, the dispositive authority; and the discussion we deem necessary, follow.

A. The claim of an illegal arrest, of no probable cause for arrest, and of no arrest warrant having been issued at the time of arrest—State v. Gibby, 78 N.M. 414, 432 P.2d 258 (1967); State v. Halsell, 81 N.M. 239, 465 P.2d 518 (Ct.App.1970).

B. The claim that upon arrest he was not "properly" taken before a magistrate and informed of the charges against him— State v. Helm, 79 N.M. 305, 442 P.2d 795 (1968); Barela v. State, 81 N.M. 433, 467 P.2d 1005 (Ct.App.1970).

C. The claim that upon arrest he was interrogated by the police without being advised of various constitutional rights, the record showing that no statement of defendant (if, in fact, any was made) was used against him—Hernandez v. State, 81 N.M. 634, 471 P.2d 204 (Ct.App.1970); State v. Bryant, 79 N.M. 620, 447 P.2d 281 (Ct.App.1968).

D. The claim that a certain witness was not called to testify at the preliminary hearing. To the extent this is a claim that the State failed to call the witness—State v. Selgado, 78 N.M. 165, 429 P.2d 363 (1967); Barela v. State, supra. To the extent this is a claim that defense counsel failed to call the witness—State v. Selgado, supra.

E. The claim that the criminal information charged him with an offense which was not charged in the criminal complaint before the magistrate is based on proceedings before the magistrate which are not included in the record before us. The claim is that the criminal complaint charged defendant with an attempt to commit aggravated battery, § 40A–28–1, N.M.

S.A.1953 (Repl.Vol. 6), while the criminal information in district court charged defendant with an aggravated battery, § 40A–3–5, N.M.S.A.1953 (Repl.Vol. 6). The record shows that the criminal information charged defendant both with an aggravated battery and an attempt to commit that offense. On the basis that the criminal complaint did not charge the aggravated battery, it is contended that the magistrate's bind over to the district court must name the offense found at the preliminary examination and it is inferred that the commitment to district court for trial did not name the offense of aggravated battery. See State v. Vasquez, 80 N.M. 586, 458 P.2d 838 (Ct.App.1969). Because of the absence of the record of the magistrate proceedings, we assume the claim to be true. The result then is that defendant was charged in the criminal information with an offense concerning which there had been no preliminary examination. The record does not show any objection to the lack of a preliminary examination on the aggravated battery charge; the record does show defendant pled not guilty when arraigned and proceeded to trial without raising a question as to the propriety of the magistrate's bind over. By so proceeding the claim was waived—State v. Robinson, 78 N.M. 420, 432 P.2d 264 (1967); State v. Leyba, 80 N.M. 190, 453 P.2d 211 (Ct.App.1969).

■ F. The claim that defendant did not have legal assistance at his trial is based on the fact that the attempt charge was dismissed by the trial court and defendant's assertion that upon the dismissal of the attempt charge, his attorney was also relieved from representing defendant. The record does not support the claim; it does show that court-appointed counsel represented defendant at his trial.

■ G. The claim of double jeopardy is made on two grounds; that both the aggravated battery and the attempt were committed at the same time and when the lesser charge of attempt was dismissed prior to trial it was "double jeopardy" to proceed to try defendant on the charge of aggravated battery. There is no issue as to double punishment or merged offenses, see State v. Everitt, 80 N.M. 41, 450 P.2d 927 (Ct.App.1969), because defendant was not tried on the attempt charge and the attempt charge was dismissed before any evidence was presented—State v. Rhodes, 76 N.M. 177, 413 P.2d 214 (1966); State v. Ferris, 80 N.M. 663, 459 P.2d 462 (Ct.App.1969).

■ H. The claim of not being confronted with the witnesses against defendant is based on the introduction at trial of prior testimony of a witness at the preliminary hearing. This witness was not present at trial, the record shows diligent efforts to locate the witness and shows defense counsel had opportunity to cross-examine the witness at the preliminary examination. There was no denial of the constitutional right to confront witnesses—Barber v. Page, 390 U.S. 719, 88 S.Ct. 1318, 20 L.Ed.2d 255 (1968); Pointer v. Texas, 380 U.S. 400, 85 S.Ct. 1065, 13 L.Ed.2d 923 (1965); Compare State v. James, 76 N.M. 376, 415 P.2d 350 (1966); State v. Bailey, 62 N.M. 111, 305 P.2d 725 (1956).

■ I. The claim that defendant was convicted on perjured testimony is based on defendant's assertions that various witnesses lied when they testified. Such a claim is insufficient—State v. Minns, 81 N.M. 428, 467 P.2d 1000 (Ct.App.1970); State v. Hodnett, 79 N.M. 761, 449 P.2d 669 (Ct.App.1968). The claim that the trial judge was prejudiced, in that he condoned and allowed perjury, is a conclusion and too vague, and therefore insufficient—Pena v. State, 81 N.M. 331, 466 P.2d 897 (Ct.App.1970). (See Claim M).

J. The claims attacking the credibility of the witnesses are insufficient—Pena v. State, supra.

■ K. The claim of an illegal search and the claim that pictures of the room where the crime occurred were illegally obtained are insufficient because the circumstance of the alleged illegal search and seizure was known to defendant at trial—Salazar v. State (Ct.App.), 82 N.M. 630, 485 P.2d 741, decided May 14, 1971.

■ L. The claim that the defense attorney allowed the District Attorney "first choice" at trial in questioning the woman who had been living with defendant as his wife is not supported by the record. The witness was called as a witness for the defense, and defendant's attorney presented her testimony on direct examination. The District Attorney's questioning was cross-examination.

■ M. The claim of incompetency of counsel is that the defense attorney failed to have subpoenas issued for witnesses, and did not check on the circumstances of the allegedly illegal arrest. These contentions are insufficient to raise an issue as to incompetency of counsel—State v. Selgado, supra; State v. Ramirez, 81 N.M. 150, 464 P.2d 569 (Ct.App.1970). Defendant also asserts his counsel was incompetent because he failed to bring "perjury" to the attention of the trial judge. (See Claim I). Apart from the vagueness of this claim, Pena v. State, supra, the claim is insufficient in that it is not contended that counsel knew of the alleged "perjury." Compare State v. Hodnett, supra.

■ N. The claim is that defendant's request for a change of attorney was denied. This, in itself, is insufficient—State v. Salazar, 81 N.M. 512, 469 P.2d 157 (Ct. App.1970).

■ O. The claim that the jury was incompetent and predetermined on a guilty verdict is insufficient because it is a conclusion and too vague—Pena v. State, supra.

■ P. The claim that defendant did not commit aggravated battery because his victim was not permanently disfigured goes to the sufficiency of the evidence for conviction and is not cognizable in a proceeding under § 21–1–1(93), supra. Herring v. State, 81 N.M. 21, 462 P.2d 468 (Ct.App. 1969).

■ Q. The claim that the trial record is not truthful is based on defendant's view of his trial and his view as to what witnesses knew and testified about. The claim was not raised before the trial court. It will not be considered here for the first time. State v. Tafoya, 81 N.M. 686, 472 P.2d 651 (Ct.App.1970). (See Claim S).

R. The claim that defendant's conviction was a fundamental denial of due process is incorrect. We have reviewed the record presented. There was no fundamental error as that doctrine has been defined in New Mexico. Smith v. State, 79 N.M. 450, 444 P.2d 961 (1968); State v. McFerran, 80 N.M. 622, 459 P.2d 148 (Ct. App.1969).

■ S. Defendant's request to produce evidence in this court is denied. The Court of Appeals is a court of review. Section 16–7–8, N.M.S.A.1953 (Repl.Vol. 4). Our review is limited to matters disclosed by the record. Morgan v. State Board of Education, 80 N.M. 754, 461 P.2d 236 (Ct.App.1969). We do not originally determine questions of fact. State v. Lucero, 78 N.M. 659, 436 P.2d 519 (Ct.App. 1968).

■ T. Defendant's request to appear and act as his own counsel in this court is denied. Under § 21–1–1(93) (c), supra, a court may hear and determine a post-conviction motion without the presence of the prisoner. To do so is not a denial of the constitutional right "to appear and defend" in criminal proceedings because post-conviction proceedings are civil, not criminal. State v. Brinkley, 78 N.M. 39, 428 P.2d 13 (1967). Compare State v. Eckles, 79 N.M. 138, 441 P.2d 36 (1968).

The order denying relief is affirmed.

It is so ordered.

HENDLEY and SUTIN, JJ., concur.