487 P.2d 138

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**Don H. HODNETT, Defendant-Appellant.**

**No. 656.**

Court of Appeals of New Mexico.

June 25, 1971.

N. Randolph Reese, Hobbs, for defendant-appellant.

David L. Norvell, Atty. Gen., Santa Fe, Thomas Patrick Whelan, Jr., Asst. Atty. Gen., for plaintiff-appellee.

OPINION

WOOD, Judge.

Within one year of his judgment and sentence defendant moved for a new trial under §§ 21–1–1(60) (b) and 21–1–1(93), N.M.S.A.1953 (Repl. Vol. 4). Since defendant is a prisoner in custody under a sentence we treat the motion as one under § 21–1–1(93), supra. Compare State v. Raburn, 76 N.M. 681, 417 P.2d 813 (1966); State v. Romero, 76 N.M. 449, 415 P.2d 837 (1966); Roessler v. State, 79 N.M. 787, 450 P.2d 196 (Ct.App.1969), cert. denied, 395 U.S. 967, 23 L.Ed.2d 754, 89 S.Ct. 2115 (1969).

The motion was denied after an evidentiary hearing and findings of fact by the trial court. Defendant's appeal raises three issues. The issues, and our answers, follow:

A. Defendant contends that prosecution misconduct deprived the trial court of jurisdiction. The asserted misconduct is alleged to have occurred at the trial. Assuming, but not deciding that a jurisdictional issue is involved, we do not dispose of it on the basis that it could have been, but was not, raised on a direct appeal. See State v. Garcia, 80 N.M. 21, 450 P.2d 621 (1969). Instead, we assume the claim of misconduct is properly before us.

The claim of misconduct has two parts. First, defendant asserts the prosecutors were guilty of misconduct in arguing to the jury that defendant fired only two well-placed shots although the prosecutors had knowledge that five or six shots were fired. The trial court found that the arguments of the prosecutors were consistent with the testimony of witnesses for the State and that the prosecutors were not guilty of misconduct in their arguments. Substantial evidence at the evidentiary hearing supports this finding. Compare State v. Anaya, 79 N.M. 43, 439 P.2d 561 (Ct.App.1968).

Second, defendant asserts the prosecutors were guilty of misconduct in arguing to the jury that at the time of his arrest there was no evidence as to defendant's appearance which supported defendant's testimony that defendant and deceased engaged in a scuffle prior to the shooting and that deceased struck defendant before the shooting. The argument is that the prosecutors failed to present testimony from witnesses under subpoena and in court which would have supported defendant's testimony. Defendant does not complain of the State's failure to call certain witnesses. See State v. Lujan, 79 N. M. 200, 441 P.2d 497 (1968). His contention is that in not calling certain witnesses who would have supported defendant's testimony and then in arguing to the jury that the evidence introduced failed to support defendant's testimony, the prosecutor's arguments were misconduct.

We disagree. The witnesses, not called at the trial, testified at the post-conviction hearing. Their testimony is to the effect that defendant told them about his alleged fight with decedent but they observed defendant and saw nothing in defendant's appearance which tended to support defendant's statement. With this evidence, the trial court could properly refuse to rule that the prosecutors' arguments to the jury, about the absence of supporting evidence, was misconduct.

In the light of the evidence at the post-conviction hearing, we cannot say, as a matter of law, that the prosecutors' arguments were in bad faith or an extreme disregard for the truth. Compare State v. McDonald, 21 N.M. 110, 152 P. 1139 (1915); State v. Torres, 81 N.M. 521, 469 P.2d 166 (Ct.App.1970).

B. Defendant contends he was convicted on the basis of perjured testimony and the district attorney's argument based on such testimony deprived him of a fair trial. The trial court refused to find that the witness, whose testimony is attacked, testified falsely at the trial. This refusal was proper under the evidence presented at the post-conviction hearing. Further, even if there had been perjured testimony, there is nothing to show the district attorney knew the witness' testimony was perjured and nothing indicating the district attorney intentionally used perjured testimony. State v. Hodnett, 79 N.M. 761, 449 P.2d 669 (Ct.App.1968). See also State v. Minns, 81 N.M. 428, 467 P.2d 1000 (Ct. App.1970).

C. Defendant asserts that his conviction resulted from fundamental error but fails to point out in what way the fundamental error occurred. The record before us shows no fundamental error as that doctrine has been defined. See State v. McFerran, 80 N.M. 622, 459 P.2d 148 (Ct.App.1969). Nor, contrary to defendant's contention, is there a basis for applying the concept of cumulative error. State v. Gutierrez, 78 N.M. 529, 433 P.2d 508 (Ct.App.1967).

Denial of the motion is affirmed.

It is so ordered.

HENDLEY and SUTIN, JJ., concur.